## THE UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| TICKETNETWORK, INC., <br><br>                 Plaintiff <br><br>         v. <br><br> YVES DARBOUZE DBA <br> CHARGED.FM <br><br>             Defendant | Civil Action No.: 3:15-cv-00237 |

## <u>SUPPLEMENTAL NOTICE OF PENDING MOTIONS</u>

Pursuant with the requirements set forth in the Standing Order for Removed Cases, the Defendant, hereby provides supplemental notice of the following pending motions in the State Court action:

1.    Plaintiff's Motion to Cite in Additional Party Defendant

2.    Plaintiff's Memorandum of Law in Support of its Motion to Cite in Non-Party Plot Commerce

The foregoing Motion and Memorandum of Law in Support of the Motion are attached hereto as Exhibit A.  The Motion has not been acted upon by the State Court.

Dated: March 3, 2015          THE DEFENDANT,
                                    YVES DARBOUZE
                                    BY HIS ATTORNEY:

                                    /s/ N. Kane Bennett
                                    N. Kane Bennett Ct. 20988
                                    Aeton Law Partners LLP
                                    101 Centerpoint Drive, Suite 105
                                    Middletown, CT 06457
                                    T: (860) 724-2163
                                    F: (860) 724-2161
                                    NKB@aetonlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2015, a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

Edward Heath, Esquire
Robinson & Cole
280 Trumbull Street
Hartford, CT 06103
860-275-8297
eheath@rc.com

                              By:    /s/ N. Kane Bennett
                                    N. Kane Bennett

# EXHIBIT A

| DOCKET NO.: HHD-CV-15-5038711-S | : | |
|---|---|---|
| | : | |
| TICKETNETWORK, INC., | : | SUPERIOR COURT |
| | : | |
| Plaintiff, | : | JUDICIAL DISTRICT OF HARTFORD |
| | : | |
| V. | : | AT HARTFORD |
| | : | |
| | : | |
| YVES DARBOUZE d/b/a/ | : | |
| CHARGED.FM, | : | |
| | : | |
| Defendant. | : | February 19, 2015 |

## MOTION TO CITE IN ADDITIONAL PARTY DEFENDANT

Pursuant to Connecticut Practice Book §§ 9-18 and 9-22, Plaintiff, TicketNetwork, Inc. ("TicketNetwork"), respectively moves to cite in Plot Commerce as a party defendant.

As more fully set forth in the accompanying memorandum of law, the inclusion of Plot Commerce is necessary for a complete determination of the issues in this prejudgment remedy action in aid of arbitration as Defendant Yves Dabouze d/b/a Charged.FM is claiming that Plot Commerce (and not himself) is the party that entered into the subject contract with TicketNetwork. While TicketNetwork does not agree that Plot Commerce should be the sole defendant, Mr. Darbouze's recent claim requires the addition of Plot Commerce as *a* defendnat.

13454117-v1

**WHEREFORE**, Plaintiff respectfully requests that the Court grant this motion and allow it

to cite in Plot Commerce and serve Plot Commerce with the operative prejudgment remedy

application and supporting papers, including the notice of the March 17, 2015 hearing.

PLAINTIFF
TICKETNETWORK, INC.

By

Edward J. Heath
Brian J. Wheelin
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103
Tel. No.: (860) 826-3579
E-mail: eheath@rc.com
E-mail: bwheelin@rc.com
Juris No.: 101121

**ORDER**

The forgoing Motion having been duly presented to this Court, it is hereby

ORDERED:

Motion to Cite in Additional Party        GRANTED/ DENIED


It is further hereby ordered, that on or before _____, Plaintiff

summon said defendant  Plot Commerce to appear as a defendant in this action, by causing

some proper service on it in the manner prescribed by law a true and attested copy of this

order and a true and attested copy of the prejudgment remedy application and supporting

documentation in this action as amended, and due return make.

APPEARANCE DATE:_____

SERVICE DATE:_____


BY THE COURT


_____

Judge/Clerk

| DOCKET NO.: HHD-CV-15-5038711-S | : | |
| :-- | :-- | :-- |
| | : | |
| TICKETNETWORK, INC., | : | SUPERIOR COURT |
| | : | |
| Plaintiff, | : | JUDICIAL DISTRICT OF HARTFORD |
| | : | |
| V. | : | AT HARTFORD |
| | : | |
| | : | |
| YVES DARBOUZE d/b/a/ | : | |
| CHARGED.FM, | : | |
| | : | |
| Defendant. | : | February 19, 2015 |

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS
### MOTION TO CITE IN NON-PARTY PLOT COMMERCE

Plaintiff TicketNetwork, Inc. ("TicketNetwork") submits this memorandum of law in

support of its motion to cite in non-party Plot Commerce, as a defendant to this case.   As set

forth more fully below, the inclusion of Plot Commerce is necessary for a complete

determination of the issues in this prejudgment remedy action in aid of arbitration as Defendant

Yves Dabouze d/b/a Charged.FM ("Darbouze") has indicated that Plot Commerce (and not

himself) is the party that entered into the subject contract with TicketNetwork.

### I.    FACTS

On January 21, 2015, TicketNetwork commenced this prejudgment remedy action in aid

of arbitration against Darbouze.  As of the date of the prejudgment remedy filing,

TicketNetwork contends that $2,163,958 was owed for unpaid invoices pursuant to a

TicketNetwork Data Sharing Agreement for Mercury Web Services dated April 28, 2014 (the

"Agreement").  A copy of the Agreement is attached hereto as Exhibit A.

13454114-v1

The Agreement is between TicketNetwork and Charged.fm.  Darbouze executed the

Agreement as "CEO" of Charged.  Upon information and belief, Charged.fm is not a legal entity.

Through counsel who has not yet appeared in this matter, Darbouze has indicated that

Charged.fm is an assumed name of Plot Commerce, a Nevada corporation, and therfore Plot

Commerce is the sole proper defendant. While TicketNetwork does not agree that Plot

Commerce should be the sole defendant,[1] it does believe that Darbouze's recent claim requires

Plot Commerce to be added as *a* defendant.

## II.    ARGUMENT

Whether to allow the addition of parties to pending legal proceedings generally rests in

the sound discretion of the trial court. *Lettieri v. American Savings Bank*, 182, Conn. 1, 13

(1980); factors to be weighed include "the timeliness of the application, the possibility of

prejudice to the other party and whether the [party's] presence will enable the Court to make a

complete determination of the issues." *A. Segundino & Sons, Inc. v. Loricco*, 19 Conn. App. 8

(1989).

TicketNetwork's motion satisfies these requirements.  As this Court is aware, a

determination of any prejudgment remedy application requires the consideration of any setoffs,

defenses or counterclaims of the defendant.  Conn. Gen. Stat. § 52-278c.  This motion will

permit this Court to address Darbouze's expected defense that Plot Commerce is the proper

defendant and render any relief accordingly amongst Darbouze and/or Plot Commerce.

---

[1] To avoid personal liability, it was the duty of Darbouze to disclose both the fact that he was acting in a
representative capacity *and the identity of his principal. See e.g.*, *Robert T. Reynolds Assoc., Inc. v. Asbeck*, 23
Conn. App. 247 (1990). TicketNetwork expects the evidence at the prejudgment remedy hearing to establish that
Darbouze never disclosed that he was acting in a representative capacity for Plot Commerce.

2

TicketNetwork's motion is timely as it is filed at the infancy stages of this matter and shortly after learning of Darbouze's defense.   Finally, there is no prejudice whatsoever to Darbouze arising from this motion.

## III.   CONCLUSION

For the foregoing reasons, Plaintiff TicketNetwork, Inc. respectfully requests that the Court grant this motion to cite in Plot Commerce as a party defendant to this case.

PLAINTIFF
TICKETNETWORK, INC.

By_____

Edward J. Heath
Brian J. Wheelin
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103
Tel. No.: (860) 826-3579
E-mail: eheath@rc.com
E-mail: bwheelin@rc.com
Juris No.: 101121

**EXHIBIT A**

TicketNetwork Data Sharing Agreement for Mercury Web Services

This Agreement is entered into as of the 28th day of _____ April _____, 2014, by and between TicketNetwork, Inc., a Delaware corporation with its principal place of business at 75 Gerber Road East, South Windsor, Connecticut, along with all its subsidiaries and related entities (hereinafter collectively referred to as "TicketNetwork") and _____CHARGED.fm_____, a _____Nevada_____ with its principal place of business at _____10 Jay St. Suite 206 Brooklyn NY 11201___along with all its subsidiaries and related entities ("Mercury Web Service User").

**Purpose.** This Agreement between TicketNetwork and Mercury Web Service User will provide for the exchange of information and data (defined below as "Data") between TicketNetwork and Mercury Web Service User pertaining to Supplier(s) (as defined below) ticket information. The purpose of this Agreement is to enable TicketNetwork to provide Data from their Exchange (as defined below) to Mercury Web Service User in "real-time." This exchange of Data will allow Customer(s) (as defined below) to request tickets through Mercury Web Service User, and Mercury Web Service User shall then purchase the tickets through an Exchange. Under this Agreement Mercury Web Service User shall give first priority to tickets listed on TicketNetwork's Mercury Exchange, provided the tickets meet the requirements of the Customer(s) request, thus increasing TicketNetwork's sales. Mercury Web Service User agrees that the sole purpose of this Agreement shall be to purchase tickets from the TicketNetwork Mercury Exchange, and that Mercury Web Service User shall not use or disclose any information from TicketNetwork's Mercury Exchange for any other purpose.

**Definitions.**

   (a) **Data.** "Data" means all information relating to ticket listings including, but not limited to, the recipient Supplier identification, ticket identification, venue, event date, event time (whether or not the time is to be announced) quantity, section, row, seat (s) , notes, cost.
   (b) **Exchange or Exchanges.** "Exchange(s)" means a software solution which provides inventory listings of event tickets from multiple sources for the purpose of selling the inventory.
   (c) **Supplier or Suppliers.** "Supplier(s)" means a ticket selling entity that is a client of TicketNetwork Mercury Program.
   (d) **Customer or Customers.** "Customer(s)" means a purchaser of the tickets available from Suppliers listing on the Exchange.

**Duration and Termination.** This Agreement will take effect upon the signing of the Agreement by both parties. It shall remain in effect for a period of one (1) year, commencing on the date executed by all parties. This Agreement shall be automatically renewed for additional one (1) year terms unless either party advises the other, at least thirty (30) days prior to the annual renewal date, that it will not renew the Agreement. This Agreement may be canceled at any time, for any reason whatsoever upon thirty (30) days written notice to the other party.

**Termination for Breach; Suspension Rights.** Either party shall have the right to terminate this Agreement upon written notice to the other party if such other party is in material breach of its obligations in this Agreement and has not yet cured such breach within ten (10) days of receipt of such

written notice thereof or immediately suspend performance if an alleged breach exposes the notifying party to liability to a third party.

**Exclusivity.** Under this Agreement TicketNetwork shall be the only Exchange on Mercury Web Service User's Tier 1 until the date this Agreement is terminated. "Tier 1" means that TicketNetwork shall be given first priority to fulfill all Customer(s) requests placed on Mercury Web Service User.com.

**Logo and Featured Events.** Mercury Web Service User shall have control over what events are featured on www. CHARGED fm_____.com (the "Site") and over which logos are displayed on the Site.

**Order Management.** TicketNetwork Mercury Brokers will be responsible for tracking their Mercury purchases through TicketNetwork's WebAdmin. TicketNetwork will keep a record of all Mercury transactions by Mercury Web Service User. TicketNetwork will charge Mercury Web Service User weekly according to the fee arrangement in this Agreement.

**Payment/Fees.** Mercury Web Service User shall remit to TicketNetwork a payment that consists of the total cost of the tickets as listed by the TicketNetwork Mercury Broker, plus 3/, or 103/ of the total cost of the tickets as listed by the TicketNetwork Mercury Broker. Mercury Web Service User will pay TicketNetwork by ACH debit 103/ of the cost of the tickets as listed by the TicketNetwork Mercury Broker. Mercury Web Service User will remit payments to TicketNetwork on a weekly basis for all orders placed by the previous Friday. TicketNetwork will be responsible for paying the holding broker the cost of the tickets as listed by the TicketNetwork Mercury Broker according to the TicketNetwork Mercury Guidebook. Mercury Web Service User will be the Merchant of Record for all transactions placed on the Site.

**Shipping Fees.** Mercury Web Service User shall be responsible for managing its own FedEx account.

**Prohibitions on Content.** Mercury Web Service User shall not publish any content that violates local, state or federal laws. Mercury Web Service User shall indemnify TicketNetwork against any liability arising out of the content published on the Site.

**Limited Use.** The specific Data shared regarding Supplier ticket information shall be used solely for the purpose of this Agreement and shall not be shared with any other organizations or entity unless both parties agree in writing. Both parties to this Agreement agree to comply with all local, state and federal laws, including all regulations regarding the safeguarding of client and/or Customer information.

**Data Exchange Frequency.** TicketNetwork Mercury Program shall electronically update and transfer Data on a real-time basis.

**Independent Contractors.** The parties to this Agreement are independent contractors, and this Agreement will not be construed to create a partnership, joint venture, or employment relationship between them. Nothing contained in this Agreement is intended to or shall grant to either party the right to make commitments of any kind for or on behalf of the other party without the prior written consent of that other party.

**Data Confidentiality and Dissemination.** The terms of this Agreement, the Data and any non-public information and materials provided by either party in connection with the performance of this Agreement shall not be disclosed to third parties. The parties agree that they shall comply with all local, federal and state laws and regulations governing the confidentiality of information exchanged. The parties agree to adhere to the other party's data usage restrictions, privacy policies and other terms related to the use of such data, applicable laws, rules, regulations and published voluntary industry-standard guidelines. Neither party will, without the other party's prior written consent issue any press release or other public statement or disclosure relating to the relationship of the parties or this Agreement.

**Indemnification.** Mercury Web Service User agrees to indemnify, defend and forever hold TicketNetwork (and its parents, affiliates, subsidiaries or entities under common ownership or control) and all of its respective present and former officers, members, shareholders, directors, employees, representatives, attorneys, insurers and agents, and their successors, heirs and assigns (each, in such capacity, an "Indemnified Party" and, collectively, the "Indemnified Parties"), harmless from and against any and all third-party losses, liabilities, claims, costs, damages and expenses (including, without limitation, fines, forfeitures, outside attorneys' fees, disbursements and administrative or court costs) arising directly or indirectly out of or relating to (1) a breach by Mercury Web Service User of this Agreement or of any representation, warranty, covenant or agreement contained herein or (2) any Content on the Site ("Content" includes but is not limited to domain name, marketing and advertising content, but excludes content provided by TicketNetwork or required by TicketNetwork to be on the Site), which results in any claim of trademark or copyright infringement, libel, defamation, breach of confidentiality, false or deceptive advertising or sales practices, deceptive use of URL names, cybersquatting/domain name issues, consumer fraud, injury, damage or harm of any kind to any person or entity. Should any of the above-named claims be brought against TicketNetwork, TicketNetwork Direct (i) shall promptly notify Mercury Web Service User of any matters in respect to which the indemnity may apply and of which TicketNetwork has knowledge; (ii) gives Mercury Web Service User the right to control the defense and all negotiations relative to the settlement of any such claim; and (iii) shall cooperate with Mercury Web Service User, at Mercury Web Service User's cost and expense in the defense or settlement thereof. Should TicketNetwork choose to participate in such defense and in any settlement discussions directly or through counsel of its choice on a monitoring, non-controlling basis, TicketNetwork's costs shall be borne by Mercury Web Service User.

**Limitation of Liability.** TICKETNETWORK DOES NOT MAKE, AND PARTNER HEREBY EXPRESSLY WAIVES, ALL WARRANTIES EXPRESS OR IMPLIED. THERE ARE EXPRESSLY EXCLUDED ALL WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE. TICKETNETWORK SHALL HAVE NO LIABILITY WITH RESPECT TO ITS OBLIGATIONS UNDER THIS AGREEMENT OR OTHERWISE FOR CONSEQUENTIAL, EXEMPLARY, INCIDENTAL, OR PUNITIVE DAMAGES EVEN IF IT HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES.

**Force Majeure.** If the performance of this Agreement, or any obligation hereunder is prevented, restricted or interfered with by any act or condition whatsoever beyond the reasonable control of the

affected party, the party so affected, upon giving prompt notice to the other party, shall be excused from such performance to the extent of such prevention, restriction or interference.

**Modifications.** This Agreement may be modified by TicketNetwork at any time with or without notice to Mercury Web Service User. If any provision is found void or unenforceable, the remainder will remain valid and enforceable according to its terms.

**Governing Laws.** This Agreement and performance hereunder shall be governed by the laws of the State of Connecticut without giving effect to any choice of law rule that would cause the application of the laws of any jurisdiction other than the internal laws of the State of Connecticut to the rights and duties of the parties. TicketNetwork and Mercury Web Service User hereby agree on behalf of themselves and any persons claiming by or through them that the sole location and venue for any litigation which may arise hereunder shall be an appropriate federal or state court located in Hartford County, Connecticut.

**Arbitration.** Any controversy or claim arising out of or relating to this contract, or any alleged breach thereof, shall be resolved through binding arbitration in the jurisdiction of TicketNetwork's headquarters, Hartford County, Connecticut, and administered by the American Arbitration Association in accordance with its Commercial Arbitration Rules including the Optional Rules for Emergency Measures of Protection. Any award issued through arbitration is enforceable in any court of competent jurisdiction.

**Contact.** The following persons are designated as the main points of contact for information exchanged between the parties under this Agreement:

Name: Gunpal Sadha          Name: Yves Darbouze

Email: Gunpal.Sadha@ticketnetwork.com          Email: yves@charged.fm

Contact Number: 860 644-4000 x 1126          Contact Number: 646-490-2700

Accepted by:

TICKETNETWORK, INC.                    MERCURY WEB SERVICE USER

By: _____                    By: _____

Title: C U O                           Title: CEO

Date: 4/28/2011                        Date: April 28, 2014